UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **INDICTMENT**  CR08-073 MJD/FLN |
| Plaintiff, | ) | |
| V. | ) | (18 U.S.C. § 371) |
| | ) | (18 U.S.C. § 1344) |
| (1) ALAN SCOTT, and | ) | (18 U.S.C. § 1028) |
| (2) MICHELLE LAUGHTER, | ) | (18 U.S.C. § 1028A) |
| | ) | (18 U.S.C. § 2) |
| Defendants. | ) | |

THE UNITED STATES GRAND JURY CHARGES THAT:

### INTRODUCTION

At all times relevant to this Indictment,

1. Defendant, **ALAN SCOTT ("SCOTT")**, was a resident of the District of Minnesota.

2. Defendant, **MICHELLE LAUGHTER ("LAUGHTER")**, was a resident of the District of Minnesota.

3. Publicdata.com was an internet company doing business in Minnesota and other states.

### COUNT 1
(18 U.S.C. § 371: Conspiracy)

4. The grand jury incorporates by reference paragraphs 1 through 3 as if fully stated herein.

5. From on or about March 4, 2003 to on or about March 4, 2008, in the State and District of Minnesota, the defendants,

**ALAN SCOTT, and
MICHELLE LAUGHTER,**

and others known and unknown to the grand jury (collectively "the



FILED MAR 0 4 2008
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED_____
DEPUTY CLERK'S INTIALS_____

U.S. v. Alan Scott, et al.

conspirators"), did knowingly combine, conspire, confederate, and agree to commit the following offenses against the United States, that is:

    a.    to execute and attempt to execute a scheme and artifice to defraud and to fraudulently obtain money and funds from financial institutions, in violation of Title 18, United States Code, Section 1344 (Bank Fraud); and

    b.    to transfer and use, without lawful authority, a means of identification of another person with intent to commit, or to aid and abet, any unlawful activity that constitutes a violation of Federal law or that constitutes a felony under any applicable State or local law, in violation of Title 18, United States Code, Section 1028(a)(7) (Identity Fraud).

### Objects of the Conspiracy

6. The objects of the conspiracy were i) to use counterfeited identifications to obtain money from financial institutions; and ii) to obtain cash and items of value through the use of counterfeited checks of individuals and companies in the District of Minnesota, which the conspirators produced based upon checks and other personal information which had been stolen from the mail.

### Manner and Means of the Conspiracy

7. It was part of the conspiracy that one or more of the defendants, and persons known and unknown to the grand jury, obtained stolen information, including checks and identification information, which could be used to produce false means of identification and counterfeit checks which could be used to obtain

U.S. v. Alan Scott, et al.

money.

8. It was further part of the conspiracy that one or more of the defendants, and persons known and unknown to the grand jury, used the personal information of the victims to access the internet web site of Publicdata.com in order to obtain additional personal information of victims to further the scheme to obtain funds from the bank accounts of victims.

9. It was further part of the conspiracy that one or more of the defendants, and persons known and unknown to the grand jury, presented the counterfeited checks, using false identification, to various organizations, including retail merchants, and companies, who in turn deposited the checks into accounts at financial institutions, located in Minnesota.

10. It was further part of the conspiracy that the defendants, and persons known and unknown to the grand jury, received cash and other items of value through the use of these counterfeit checks, which items were shared with persons known and unknown to the grand jury.

### Overt Acts

11. In furtherance of the conspiracy alleged above and to effect the objects thereof, the following overt acts, among others,

U.S. v. Alan Scott, et al.

were committed and caused to be committed by defendants in the District of Minnesota and elsewhere.

12. On or about October 30, 2004, defendant Alan Scott presented a fraudulent MN driver's license and counterfeit check No. 2294, drawn on Wells Fargo Bank Account No. XXXXXX2400, belonging to A.P., to a merchant.

13. On or about June 11, 2005, defendant Michelle Laughter, presented a check number 7642, drawn on U.S. Bank Account No. XXXXXX4019, belonging to C.R., to a merchant.

14. On or about December 12, 2005, defendants, Alan Scott and Michelle Laughter, presented a fraudulent check, using fraudulent identification, drawn on American Federal Bank Account No. XXXXXX0530, belonging to D.M. and N.M., to a merchant.

15. On or about December 28, 2005, defendants, Alan Scott and Michelle Laughter, presented a fraudulent check using the identification of D.M. and N.M., drawn on American Federal Bank Account No. XXXXXX0530, belonging to D.M. and N.M., to a merchant.

16. On or about December 30, 2005, defendants, Alan Scott and Michelle Laughter, possessed document-making implements, including but not limited to computers, printer, and check making equipment.

17. On or about January 11, 2008, defendants, Alan Scott and Michelle Laughter, presented a fraudulent check, No. 12730, using the identification of M.K., drawn on Wells Fargo Bank Account No.

U.S. v. Alan Scott, et al.

XXXXXXXX7923, belonging to M.K., to a merchant.

18. On or about January 20, 2008, defendant Alan Scott, presented check number 9542, drawn on the TCF Bank Account No. XXXXXX9029, belonging to C.W., to a merchant.

19. On or about January 28, 2008, defendant Alan Scott, presented check number 9485, drawn on the US Bank Account No. XXXXXX8163, belonging to T.H., to a merchant.

20. On or about February 7, 2008, defendants Alan Scott and Michelle Laughter possessed financial information of more than fifty victims, including a MN driver's license and checks drawn on Minnesota financial institutions.

21. On or about February 7, 2008, defendants Alan Scott and Michelle Laughter possessed document-making implements, including computers and printers.

All in violation of Title 18, United States Codes, Section 371.

## COUNTS 2-13
(18 U.S.C. § 1344: Bank Fraud)

22. The grand jury incorporates by reference paragraphs 1 through 21 as if fully stated herein.

23. On or about the dates set forth below, in the State and District of Minnesota, the defendants,

**ALAN SCOTT, and
MICHELLE LAUGHTER,**

U.S. v. Alan Scott, et al.

and persons known and unknown to the grand jury, each aiding and abetting the other, did knowingly and intentionally execute, and attempt to execute, a scheme and artifice to defraud federally insured financial institutions and to obtain, by means of false and fraudulent pretenses and representations, money and funds owned by and under the custody and control of financial institutions, as set forth in each count below:

| COUNT | DATE | DEFENDANT | FINANCIAL INSTITUTION | DESCRIPTION OF FRAUD | LOSS AMT ON ACCOUNT |
|---|---|---|---|---|---|
| 2 | 10/30/04 | Alan Scott | Wells Fargo | Presented CF Check | $3,800.72 |
| 3 | 6/11/05 | Michelle Laughter | Wells Fargo | Presented CF Check | $2,200.00 |
| 4 | 12/22/05 | Michelle Laughter | Klein Bank | Presented CF Check | $3,561.25 |
| 5 | 12/30/05 | Alan Scott Michelle Laughter | Wells Fargo | Possessed CF Checks, Ids | $3,822.89 |
| 6 | 12/30/05 | Alan Scott Michelle Laughter | US Bank | Possessed CF Checks, Ids | $2818.08 |
| 7 | 12/30/05 | Alan Scott Michelle Laughter | TCF Bank | Possessed CF Checks, Ids | $4,784.13 |
| 8 | 9/19/07 | Alan Scott | Landmark Comm. Bank | Presented CF Check | $2,893.74 |
| 9 | 1/22/08 | Alan Scott Michelle Laughter | Associated Bank | Presented CF Check | $3,578.44 |
| 10 | 2/2/08 | Alan Scott | US Bank | Presented Stolen Check and CF Id | $1,831.00 |
| 11 | 2/7/08 | Alan Scott Michelle Laughter | Wells Fargo | Possessed CF Checks, Ids | $5,409.49 |
| 12 | 2/7/08 | Alan Scott Michelle Laughter | US Bank | Possessed CF Checks, Ids | $1,891.17 |
| 13 | 2/7/08 | Alan Scott Michelle Laughter | TCF Bank | Possessed CF Checks, Ids | $5,899.84 |

6

U.S. v. Alan Scott, et al.

All in violation of Title 18, United States Code, Sections 1344 and 2(a).

## COUNTS 14-18
(18 U.S.C. § 1028(a)(7): Identity Theft)

24. The grand jury incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

25. On or about the dates set forth below, in the State and District of Minnesota, the defendants,

**ALAN SCOTT, and<br>MICHELLE LAUGHTER**

did knowingly transfer and use, without lawful authority, a means of identification of another person with intent to commit, and to aid or abet, unlawful activity that constitutes a violation of Federal law, and that constitutes a felony under applicable State or local law, to wit: possession of identification information to aid in the commission of Bank Fraud, as set forth in each count below:

| COUNT | DATE | DEFENDANT | IDENTIFICATION |
|---|---|---|---|
| 14 | 12/30/05 | Alan Scott<br>Michelle Laughter | MN Driver's License Numbers, Bank Routing & Account Numbers of More than 5 Victims |
| 15 | 5/19/06 | Alan Scott<br>Michelle Laughter | MN Driver's License Numbers, Bank Routing & Account Numbers of More than 5 Victims |
| 16 | 9/19/07 | Alan Scott | Bank Routing & Account Numbers of Victim |
| 17 | 9/24/07 | Alan Scott | Bank Routing & Account Numbers of Victim |

U.S. v. Alan Scott, et al.

| 18 | 2/7/08 | Alan Scott<br>Michelle Laughter | Bank Routing & Account Numbers of More than 25 Victims |

All in violation of Title 18, United States Code, Sections 1028(a)(7), and 2.

### COUNTS 19-21
(18 U.S.C. § 1028(a)(5): Possession of Document Making Implements)

26. On or about the dates set forth below, in the State and District of Minnesota, the defendants,

**ALAN SCOTT, and**
**MICHELLE LAUGHTER,**

did knowingly produce, transfer, or possess a document-making implement or authentication feature with the intent such document-making implement or authentication feature be used in the production of false identification document or another document-making implement or authentication feature which will be so used, to wit: computers, scanners, and other items as set forth in each count below:

| COUNT | DATE | DEFENDANT | DOCUMENT-MAKING IMPLEMENT |
|---|---|---|---|
| 19 | 12/30/05 | Alan Scott<br>Michelle Laughter | Computers, printer, document making equipment |
| 20 | 5/18/06 | Alan Scott<br>Michelle Laughter | Laptop Computer, document making equipment, check paper stock |
| 21 | 2/7/08 | Alan Scott<br>Michelle Laughter | Laptop Computers, check paper stock, document making equipment |

All in violation of Title 18, United States Code, Section

U.S. v. Alan Scott, et al.

1028(a)(5).

## COUNT 22
(18 U.S.C. § 1028A: Aggravated Identity Theft)

27. On or about January 20, 2008, in the State and District of Minnesota, the defendant,

**ALAN SCOTT,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit: a bank routing number, account number, and driver's license information belonging to victim C.W., each of which is a means of identification within the meaning of Title 18, United States Code, Section 1028(d)(7), during and in relation to Bank Fraud; all in violation of Title 18, United States Code, Section 1028A.

## COUNT 23
(18 U.S.C. § 1028A: Aggravated Identity Theft)

28. On or about January 30, 2008, in the State and District of Minnesota, the defendant,

**ALAN SCOTT,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit: a bank routing number, account number, and driver's license information belonging to victim T.H., each of which is a means of identification within the meaning of Title 18, United States Code, Section 1028(d)(7), during and in relation to Bank Fraud; all in violation of Title 18,

9

U.S. v. Alan Scott, et al.

United States Code, Section 1028A.

## COUNT 24
(18 U.S.C. § 1028A: Aggravated Identity Theft)

29. On or about January 11, 2008, in the State and District of Minnesota, the defendant,

**MICHELLE LAUGHTER,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit: a bank routing number, account number, and driver's license information belonging to victim M.K., each of which is a means of identification within the meaning of Title 18, United States Code, Section 1028(d)(7), during and in relation to Bank Fraud; all in violation of Title 18, United States Code, Section 1028A.

## FORFEITURE ALLEGATIONS

Counts 1-21 of this Indictment are hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B) and 1028(b)(5), and Title 28, United States Code, Section 2461(c).

As the resullt of the offenses alleged in Counts 1-21 of this Indictment, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(B), and Title 28, United States Code, Section 2461(c), any property constituting, or derived from, proceeds traceable to

U.S. v. Alan Scott, et al.

the violations of Title 18, United States Code, Sections 371, 1028, and 1344.

As the result of the offenses alleged in Counts 14-21 of this Indictment, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 1028(b)(5) any personal property used or intended to be used to commit the violations.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____        _____
ACTING UNITED STATES ATTORNEY        FOREPERSON